Barnard, P. J.
This case does not fall within that class of cases which are held to be exceptions to the general rule that a master is not liable for the negligence of a co-employee of the master.
*353 The plaintiff was employed to aid in laying flag stone and setting curb.
One Platt was in charge of the men. He told the plaintiff to get down in a trench fifteen inches deep, and steady a piece of curb stone down. The plaintiff did so, and the stone was too heavy for him to hold, and it fell on his foot and injured one of his toes so that it had to be amputated.
At the time of the accident the plaintiff and Platt were in the trench underneath the stone, and two men held the stone on top of the trench. The men on top tipped the stone over too quick, and the moment “it tipped all hands lost control of it, It came down so quick you couldn’t hold it.”
There is no pretense of negligence, except that which is based upon the incapacity of Platt as a workman, and there is no proof of this, except as an inference from the improper method of getting the stone down in the trench.
The fault seems to have been in the two men on top. They should have waited until the two men below got a good hold of the stone. This was not an act for which the master is liable. Crispin v. Babbitt, 81 N. Y., 516; Neubauer v. N. Y., L. E. and W. R. R. Co., 101 id., 606.
A master is bound to furnish skilled and competent fellow workmen, but this does not mean that every neglect, either in method of doing work or in the manner of its execution, shall be evidence of fault in the master.
The principle that masters are not liable for the injury to an employee, occasioned by the neglect of a co-employee, would be useless under such a construction.
There was a complete failure of proof of the master’s neglect, and the judgment should be reversed and a new trial granted, costs to abide event.
Dykmah and Pbatt, JJ., concur.